GARTH COLEMAN, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 28364.
Intermediate Court of Appeals of Hawaii.
October 3, 2008.
On the briefs:
Michael S. Zola, for Petitioner-Appellant.
Linda L. Walton, Deputy Prosecuting Attorney, County of Hawai`i, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Petitioner-Appellant Garth Coleman (Coleman) appeals from the Findings of Fact, Conclusions of Law & Order Denying Petition to Vacate Judgment of Conviction and for Order Granting New Trial (FOF/COL/Order) and the Judgment, both entered on December 14, 2006 in the Circuit Court of the Third Circuit (circuit court).[1] Coleman filed his Petition to Vacate Judgment of Conviction and for Order Granting New Trial (Rule 40 Petition) on January 21, 2004, pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40, seeking relief from his judgment of conviction for Sexual Assault in the First Degree and sentence based on newly discovered evidence.
Coleman's conviction for Sexual Assault in the First Degree arose from an incident that resulted in a perforation caused by a blunt instrument at the top of the vagina of Coleman's five year-old daughter (Minor).[2] No external injuries were observed on Minor. At trial, Minor testified that Coleman had sexually assaulted her and that her grandmother had placed Minor in a bath and placed a pad over her vagina. Coleman and the grandmother testified that they found Minor with no underpants on, lying on her back on the lanai with their male dog, Dutch, either standing next to her or over her, and Minor said that Dutch had hurt her. Deanna Vance, Minor's therapist, testified Minor told her that "nobody believes [me] that the dog did it."[3] However, Vance also testified that Minor later told Vance, "My dad did it, that's the truth." A veterinarian testified that she did not believe a dog would sexually penetrate a child. The veterinarian testified that a dog would have to be trained to sexually penetrate a human, the human would have to be completely cooperative, and manipulation of pheromones would be required.
Prior to trial, the parties entered into a stipulation that (1) testing by the Honolulu Police Department (HPD) failed to detect the presence of semen on the carpet and a white, polka dot dress, panty, pad, and swabs collected from Minor; (2) testing of a black, velvet dress was inconclusive as to DNA; and (3) testing of the black, velvet dress and two rectal swabs from Minor failed to detect the presence of semen.
In his Rule 40 Petition, Coleman argued that he was entitled to a new trial because newly discovered DNA evidence, discovered by a technique that was developed the month of Coleman's criminal trial, showed that canine mitochondrial DNA matching that of Dutch was present on the vaginal and anal swabs recovered from Minor.
At the hearing on the Rule 40 Petition, Coleman presented the newly discovered evidence that more sensitive testing than was available at the time of trial showed that no male DNA was found on the swabs collected from Minor and new methods for testing mitochondrial DNA showed that canine mitochondrial DNA was discovered on the swabs and Dutch could not be excluded as the source for the DNA found on the vaginal swab. However, the evidence at the hearing established that the absence of discernible male DNA on the swabs was inconclusive as to whether there had been penetration by a male. The State also presented Dr. Melba Ketchum, who testified that canine mitochondrial DNA would be ubiquitous in the dog's home and that the dog's mitochondrial DNA could be transferred by short contact with bath water, clothing, or sitting in a car that had previously transported the dog.
The circuit court denied the Rule 40 Petition on the ground that Coleman failed to show that the new evidence would probably change the result of a later trial.
On appeal, Coleman argues that the circuit court (1) abused its discretion in making limited Findings of Fact (FOFs) that resulted in an oversimplification of the evidence presented that did not fairly or accurately represent the record, (2) erred by not allowing the new evidence to go to the jury because the issue of contamination of the samples goes to the weight of the evidence and not its admissibility, (3) was wrong in concluding that the new evidence did not refute the conclusion that Coleman sexually penetrated Minor, (4) was wrong in concluding that the new evidence was merely cumulative, and (5) applied the incorrect burden of proof. Coleman specifically argues that FOFs 1, 6(a), and 6(b) are erroneous and Conclusions of Law (COLs) 3, 4, 5, 6, and 7 were wrong.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Coleman's points of error as follows:
It is evident the circuit court applied the correct criteria for determining the Rule 40 Petition and made sufficient findings and conclusions, which fairly and accurately reflected the record, in support of its decision. The circuit court's focus on certain evidence relevant to its decision was not an abuse of discretion.
There is no indication the circuit court based its decision on a determination that the new evidence would be inadmissible at a later trial. The FOF/COL/Order does not suggest the circuit court made a determination that the new evidence was unreliable and therefore inadmissible. To the contrary, the circuit court appears to have assumed that the new evidence was accurate and relied instead upon the testimony of the defense expert that the negative results for the test for male DNA did not exclude the possibility of sexual penetration by a male and the testimony of the State's witness that the presence of canine mitochondrial DNA would be ubiquitous in Minor's home and easily transferred. The circuit court reasonably concluded based upon such evidence that the new evidence did not refute the evidence of Coleman's guilt.
There is no indication in the FOF/COL/Order that the circuit court considered the new evidence to be merely cumulative. The circuit court did not invoke the requirement that "the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment" in reaching its decision. State v. Mabuti, 72 Haw. 106, 113, 807 P.2d 1264, 1268 (1991).
The FOF/COL/Order makes it clear that the basis for the denial of the Rule 40 Petition was that the new evidence would not probably change the result of a later trial. The circuit court correctly applied the test for determining a motion for new trial based on newly discovered evidence under Hawai`i law. Mabuti, 72 Haw. at 112-13, 807 P.2d at 1268. Although the circuit court did cite to State v. Bronson, 267 Neb. 103, 111, 672 N.W.2d 244, 250-51 (2003), there is no indication in the FOF/COL/Order that the circuit court employed the statutory test from Bronson. The circuit court also cited to State v. Avery, 213 Wis. 2d 228, 234-37, 570 N.W.2d 573, 576-77 (Ct. App. 1997), abrogated in part by State v. Armstrong, 283 Wis. 2d 639, 704, 700 N.W.2d 98, 130 (2005), but there is no indication in the FOF/COL/Order that the circuit court applied a clear and convincing burden of proof as required in Avery, 213 Wis. 2d at 234-37, 570 N.W.2d at 576-77, and rejected in Armstrong, 283 Wis. 2d at 704, 700 N.W.2d at 130. The correct burden of proof, and the one expressly applied by the circuit court, was whether the "evidence is of such a nature as would probably change the result of a later trial." Mabuti, 72 Haw. at 113, 807 P.2d at 1268.
In light of the evidence presented at trial supporting Coleman's conviction, including the testimony of Minor identifying Coleman as the perpetrator, the testimony of the veterinarian that a dog would not sexually penetrate a human unless trained to do so, and the equivocal nature of the new evidence, it was not an abuse of discretion for the circuit court to deny the Rule 40 Petition, and the circuit court's FOFs 1, 6(a), and 6(b) were not erroneous and COLs 3, 4, 5, 6, and 7 were not wrong.
Therefore,
IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law & Order Denying Petition to Vacate Judgment of Conviction and for Order Granting New Trial and the Judgment, both entered on December 14, 2006 in the Circuit Court of the Third Circuit, are affirmed.
NOTES
[1] The Honorable Ronald Ibarra presided.
[2] The summary of evidence adduced at trial is based, in part, upon State v. Coleman, No. 24662, 2003 WL 22476221 (Hawai`i App. Oct. 29, 2003).
[3] In her treatment record of Minor, admitted into evidence as Defendant's Exhibit B, Vance wrote that Minor stated: "no one believes me that the dog did it. . . . I took my panties off and he, Dutchess, put his thingee in my butt."